# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL FIORITO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 16-1064-JES |
| | ) |
| CHARLES E. SAMUELS, JR., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW OPINION

**JAMES E. SHADID, Chief U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Michael Fiorito's claims.

## I.
## MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed *in forma pauperis*. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

1

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

During the relevant time, Plaintiff Michael Fiorito was a federal inmate who was housed at the Bureau of Prison's correctional facility in Pekin, Illinois. In a nutshell, Fiorito alleges that he asked Defendants for help and to protect him from his cell mate. Fiorito alleges that he advised Defendants that his cell mate had threatened him, but Defendants did nothing. In fact, Fiorito alleges that he tried to summon help during his cell mates attack by hitting by the panic button, but no one came to help him. Fiorito further alleges that he was subsequently attacked by a different cell mate and that Defendants did nothing to prevent the attack or to help him even though they were aware of the threat from the cell mate to Fiorito.

Thereafter, Fiorito alleges that Defendants retaliated against him for filing grievances, for filing law suits, and for generally complaining about the assaults. Fiorito claims that he was ridiculed, transferred to a different BOP facility, was denied medical care, forced to sleep on the floor, and was assigned to a cell that was close in proximity to that of his first attacker.

Accordingly, Fiorito filed this suit against Defendants pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

The Court finds that Fiorito's Complaint states four claims against individuals whom Fiorito labels the "Group 1 Defendants." Specifically, the Court finds that Fiorito's Complaint states a failure to protect claim against all of the Group 1 Defendants (except for Dr. Davis), a retaliation claim in violation of his First Amendment rights against all of the Group 1 Defendants, a conspiracy claim against all of the Group 1 Defendants, and a deliberate indifference claim to a serious medical need against all of the Defendants.

As for Fiorito's Complaint that is directed towards the "Group 2 Defendants," the Court finds that his claim(s), if one exists, must be severed from this case. The Seventh Circuit has held that separate, unrelated claims belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. Pro. 18(a) & 20(a).

Fiorito's claim(s) against the Group 2 Defendants is based upon his allegations that the dentists named therein denied him proper dental care and did so with deliberate indifference in violation of his Constitutional rights. The Court expresses no opinion other whether Fiorito's allegations against the Group 2 Defendants are sufficient to state a claim upon which relief can be granted. Instead, the Court will sever those claim(s) and those Defendants from this case and will allow Fiorito to sue them in a separate suit if it is his desire to do so.

The Seventh Circuit noted in *George* that, in addition to prevent the filing of unwieldy complaints, district courts must carefully screen a prisoner's complaint to ensure that the litigant is not adding unrelated claims in order to avoid the filing fee requirement. *Id*. The Court is cognizant that, if a new case were to be opened on Fiorito's behalf, he would be responsible for the filing fee in that separate case. Accordingly, the Court will not open a new case on Fiorito's

behalf but will leave that decision to him as to whether to pursue his claim(s) against the Group 2 Defendants in a separate suit with the understanding that, if he does so, he will be responsible for another filing fee.

The concern about filing fee is especially relevant here because Fiorito has asked the Court to waive his filing fee. The Court does not have the authority to waive a filing fee. *McDaniel v. Meisner*, 2015 WL 4773135, * 5 (E.D. Wis. Aug. 12, 2015)("The court does not have the authority to waive the filing fee entirely."). Once a suit is filed, the plaintiff is responsible for paying the filing fee. According to his trust fund ledger, Fiorito possesses the funds to make an initial filing fee payment. Therefore, his motions regarding his filing fee are denied.

Finally, Fiorito's motion for the appointment of counsel is denied. The Court does not possess the authority to require an attorney to accept pro bono appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). The most that the Court can do is to ask for volunteer counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)(holding that it is a "fundamental premise that indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court.").

In determining whether the Court should attempt to find an attorney to voluntarily take a case, "the question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself . . . . The question is whether the plaintiff appears competent to *litigate* his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis in original). In other words, this inquiry is an individualized one based

upon the record as a whole, the nature of the claims, and the plaintiff's ability to pursue his claims through all phases of the case, including discovery and trial. *Navejar v. Iyioloa*, 718 F.3d 692, 696 (7th Cir. 2013). As the Seventh Circuit has acknowledged, "[a]lmost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases. *DeWitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014)(internal quotation omitted). Although the Seventh Circuit has held that appointment of counsel should occur in cases in which counsel would have made a difference in the outcome of the litigation (*Santiago v. Walls*, 599 F.3d 749, 465 (7th Cir. 2010)), the Seventh Circuit has also held that the test for appointment of counsel is not whether a lawyer could more effectively handle the case. *Pruitt*, 503 F.3d at 655. The test is whether the litigant is competent to litigate his own claims. *Id*.

In the instant case, Fiorito appears to be literate; he has filed cogent pleadings with the Court; and his claims have survived a merit review. Furthermore, Fiorito's claims are not so novel or complex that he cannot litigate it himself. Fiorito has personal knowledge of the facts supporting his claims and appears capable of cross-examining Defendants regarding their version of the events. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Plaintiff has offered no reason why he cannot litigate this case or why his case differs from any other of the plethora of prisoner pro se plaintiffs who ask for the appointment of counsel in almost every case filed. *DeWitt*, 760 F.3d at 657-58. Plaintiff appears competent to litigate this case himself, and therefore, the Court denies his motion to appoint counsel.

**IT IS, THEREFORE, ORDERED:**

    1.    Plaintiff's motion for the appointment of counsel [5] is DENIED.

2. Plaintiff's motion to reinstate in forma pauperis status [4] and his motion for clarification concerning the filing fee [8] are DENIED.

3. Plaintiff's motions for status [9, 10, & 11] are DENIED as moot in light of this Order.

4. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff's Complaint states four claims: (1) a claim against all of the remaining Defendants, except Dr. Davis, for failure to protect him against attacks from other inmates; a retaliation claim in violation of his First Amendment rights against all of the remaining Defendants; a conspiracy claim against all of the remaining Defendants, and a deliberate indifference claim to a serious medical need against all of the remaining Defendants. This case proceeds solely on the claims identified in this paragraph. Any additional claim(s) shall not be included in the case except at the Court's discretion on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

5. Plaintiff's Complaint against Defendants Ross, Gabor, Rivera-Martinez, and Franco is DISMISSED WITHOUT PREJUDICE because Plaintiff's claims against these Defendants are unrelated to the other claims that he has asserted against the other Defendants. Fed. R. Civ. Pro. 18(a) & 20(a).

6. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

7. The Court will attempt service on Defendants by mailing them a waiver of service. Defendants have 60 days from service to file an Answer. If a Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

8. If a Defendant no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

9. Defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

10. Once counsel has appeared for Defendants, Plaintiff need not send copies of his filings to Defendants or to Defendants' counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

11. Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

12. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**It is further ORDERED that the Clerk is directed to : (1) show Plaintiff's motion for appointment of counsel [5] as DENIED; (2) to show Plaintiff's motion for reinstatement of in forma pauperis status [4] as DENIED; (3) to show Plaintiff's motion for clarification [8] as DENIED; (4) to show Plaintiff's motions for status [9, 10, & 11] as DENIED as moot; (5) to dismiss Defendants Ross, Gabor, Rivera-Martinez, and Franco as improperly joined in violation of Federal Rules of Civil Procedure 18(a) and 20(a); to attempt service on the remaining Defendants pursuant to the Court's standard procedures; (6) and to set an internal Court deadline sixty (60) days from the entry of this Order for the Court to check on the status of service and to enter scheduling deadlines.**

**Lastly, it is ORDERED that, if a Defendant fails to sign and return a waiver of service to the Clerk within thirty (30) days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

Entered this 30th day of June, 2016

/s James E. Shadid
JAMES E. SHADID
CHIEF UNITED STATES DISTRICT JUDGE